UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KIMBERLY MURRAY, an individual,

    Plaintiff,

v.

WILDPACK HOLDINGS US, INC. a Delaware corporation, and WILDPACK BEVERAGE, INC., a corporation incorporated under the laws of the Province of British Columbia, jointly and severally,

    Defendants.

Case No. 1:23-cv-173

Hon.

| | |
|---|---|
| BODMAN PLC<br>Christopher J. Zdarsky (P81809)<br>Attorneys for Plaintiff<br>99 Monroe Avenue NW, Suite 300<br>Grand Rapids, MI 49503<br>czdarsky@bodmanlaw.com<br>(616) 205-4270 | BRATSCHIE & BORN, P.C.<br>Steven E. Bratschie (P35726)<br>Attorneys for Plaintiff<br>2180 - 44th St., S.E., Suite 300<br>Grand Rapids, MI 49508<br>sebratschie@bratschie.com<br>(616) 454-6005 |

## COMPLAINT

    Kimberly Murray, by and through her attorneys, BRATSCHIE & BORN, P.C. and BODMAN PLC, hereby states for her complaint against Defendants, jointly and severally, as follows:

### INTRODUCTION

    1.    This is a collection matter. Defendants entered into a written agreement to buy corporate securities from Plaintiff Kimberly Murray. Under the agreement, Wildpack Holdings US, Inc. agreed to make certain payments to Ms. Murray (in addition to Ms. Murray receiving shares of stock in Wildback Beverage Inc.). Wildpack Beverage Inc. guaranteed the payments owed under the agreement. Defendants have failed to make payments totaling $3,027,967, and Ms. Murray now seeks a judgment against Defendants to collect the amount owed.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Kimberly Murray is a Kent County resident. Ms. Murray is the former sole shareholder of KT Murray, Inc d/b/a Land & Sea Packaging, a Michigan corporation ("Corporation"). Ms. Murray is the "Vendor" under that certain "Land & Sea Acquisition Agreement" entered into with Defendants dated November 22, 2021 ("Agreement"). (**Exhibit 1**.)

3. Defendant Wildpack Holdings US, Inc. ("Wildpack Holdings") is a corporation organized in the state of Delaware. Wildpack Holdings' principal place of business is located in Maryland. Wildpack Holdings is a wholly-owned subsidiary of Defendant Wildpack Beverage Inc. Wildpack Holdings is the Purchaser of the shares of the Corporation from Vendor pursuant to the Agreement. Wildpack Holdings is an indemnitor under the Agreement, and so liable to Ms. Murray, for the amount stated in this Complaint.

4. Defendant Wildpack Beverage Inc. ("Wildpack Beverage") is a Canadian corporation incorporated under the laws of the Province of British Columbia. Wildpack Beverages' principal place of business is located in British Columbia. Wildpack Beverage is the parent corporation of Wildpack Holdings and is the "Parent Guarantor" under the Agreement. It is a guarantor of Wildpack Holdings' obligations under the Agreement.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs, and so is in excess of the jurisdictional limits of this Court.

6. Complete diversity exists between Ms. Murray and the Defendants because Ms. Murray and Wildpack Holdings US are citizens of different states and Wildpack Beverages is a citizen of a foreign state.

7. Venue is appropriate in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and Defendants are subject to the court's personal jurisdiction with respect to this action.

8. Jurisdiction and venue are also appropriate in this judicial district because the parties consented in section 10.11(b) of the Agreement to the Courts located in Kent County, Michigan as the exclusive venue and jurisdiction for disputes arising out of or based upon the Agreement. (Exhibit 1 at § 10.11(b).)

## DEFENDANTS' BREACHES OF THE AGREEMENT

5. Ms. Murray, Wildpack Holdings US, and Wildpack Beverage entered into the Agreement dated November 1, 2021.

6. Under the Agreement, Ms. Murray agreed to sell corporate securities in K.T. Murray Corporation to Wildpack Holdings US Inc.

7. Wildpack Beverage irrevocably guaranteed payment by Wildpack Holdings US of its obligations under the Agreement. (Exhibit 1 at § 2.8.) Under the Agreement, Wildpack Holdings was required to provide Ms. Murray with a Closing Statement "truing up" for the amounts due to Ms. Murray from the closing within 90 days of the closing that occurred on November 22, 2021. (Ex. 1 at § 2.4(a)(i).) The Agreement defines this payment as the "Post-Closing Adjustment." (Ex. 1 at § 2.4(a)(ii).)

8. Wildpack Holdings US was required to pay Ms. Murray the Post-Closing Adjustment within five business days of it sending the Closing Statement to Ms. Murray. (Ex. 1 at § 2.4(a)(ii)(A).)

9. The Agreement also required that Wildpack Holdings pay Ms. Murray the "Cash Holdback Amount" in two equal installments, with the first one due six months from the closing and the second due 12 months from the closing. (Ex. 1 at § 2.6.)

10. Wildpack Holdings US sent Ms. Murray the Closing Statement on February 23, 2022. (**Exhibit 2**.) The Closing Statement specified a Post-Closing Adjustment payment due to Ms. Murray of (a) $416,435 for "Working Capital", and (b) $1,305,766 constituting one-half/first installment of the "Cash Holdback". (Ex. 2.)

11. Defendants acknowledged the accuracy of the amounts due to Ms. Murray for the Post-Closing Cash Adjustment via email. (**Exhibit 3**.)

12. Ms. Murray has demanded that Defendants pay the first installment of the Cash Holdback and Post-Closing Adjustment of cash.

13. Defendants have not paid the first installment of the Cash Holdback and Post-Closing Adjustment of cash.

14. Wildpack Holdings US owed Ms. Murray the second installment of the Cash Holdback and Post-Closing Adjustment of cash of $1,305,766 by November 22, 2022.

15. Ms. Murray has demanded that Defendants pay the second installment of the Cash Holdback and Post-Closing Adjustment of cash.

16. Defendants have not paid the second additional remaining Cash Holdback and Post-Closing Adjustment of cash.

17. Defendants currently owe Murray, jointly and severally, the sum total of $3,027,967.

## COUNT 1 – BREACH OF CONTRACT
### (Against Wildpack Holdings US, Inc.)

18. Ms. Murray restates and incorporates the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

19. The Agreement is a valid and enforceable contract.

20. Ms. Murray has fully performed her obligations under the Agreement.

21. Wildpack Holdings US has breached its obligations under the Agreement by failing to pay Ms. Murray for amounts due under the Agreement.

22. Ms. Murray has been damaged by Wildpack Holdings US's breach of the Agreement.

WHEREFORE, Plaintiff requests this that this Court enter a judgment jointly and severally against Defendants in an amount to adequately compensate her caused by the Defendants' breach of the Agreement to be no less than $3,027,967, plus applicable interest, court costs, and attorneys' fees, as allowed by applicable law, and any such for the relief as the court deems to be just.

## COUNT 2 – BREACH OF GUARANTY
### (Against Wildpack Beverage, Inc.)

23. Ms. Murray restates and incorporates the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

24. The Agreement is a valid and enforceable contract.

25. Wildpack Beverages induced Ms. Murray into entering the Agreement by agreeing to guarantee the payment obligations of Wildpack Holdings.

26. Ms. Murray has fully performed her obligations under the Agreement.

27. Pursuant to section 2.8 of the Agreement, Wildpack Beverage guaranteed the payment obligations of Wildpack Holdings set forth in sections 2.3, 2.4, and 2.6 of the Agreement. (Ex. 1 at § 2.8.)

28. Ms. Murray has been damaged by Wild Beverage's breach of the Agreement, whereby it agreed to guarantee the obligations of Wildpack Holdings.

WHEREFORE, Plaintiff requests this that this Court enter a judgment jointly and severally against Defendants in an amount to adequately compensate her caused by the Defendants' breach of the Agreement to be no less than $3,027,967, plus applicable interest, court costs, and attorneys' fees, as allowed by applicable law, and any such for the relief as the court deems to be just.

Respectfully submitted,

Dated: February 16, 2023

By: /s/ *Christopher J. Zdarsky*
Christopher J. Zdarsky (P81809)
BODMAN PLC
99 Monroe Ave NW, Suite 300
Grand Rapids, Michigan  49503
czdarsky@bodmanlaw.com
(616) 205-4330
Co-counsel for Plaintiff

BRATSCHIE & BORN, P.C.
Steven E. Bratschie (P35726)
2180 - 44th St., S.E., Suite 300
Grand Rapids, MI  49508
sebratschie@bratschie.com
(616) 454-6005
Co-counsel for Plaintiff